**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
TEOBALDO FABIAN,

                              Plaintiff,         FLSA COLLECTIVE

              -against-                            ECF CASE

NSC ABATEMENT SERVICES, INC.
and PABLO BERHAU and PAUL
CARDENAS individually,

                              Defendants.
-------------------------------------------------------------------------x

Plaintiff Teobaldo Fabian, on behalf of himself and others similarly situated, by and through his attorneys, The Law Offices of Jacob Aronauer, alleges:

## **NATURE OF THE ACTION**

1. This is a civil action brought by Plaintiff and his similarly situated co-workers to recover overtime compensation and illegal wage deductions owed to them pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and his similarly situated co-workers worked as asbestos removers on behalf of NSC Abatement Service, Inc., ("NSC") which is owned and controlled by Defendant Pablo Berhau, and managed by Defendant Paul Cardenas (collectively herein the "Defendants").

2. Virtually all of the asbestos projects Plaintiff and his similarly situated co-workers worked on while employed by Defendants were public works projects on behalf of either a government or public agency.

3. For these public work projects Plaintiff was entitled to a "prevailing wage" determined by the New York State Department of Labor's Bureau of Public Work or New York City Comptroller's Bureau of Labor Law pursuant to the NYLL § 220 *et seq*.

4. Plaintiff also brings this action on behalf of all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by NSC and Pablo Berhau and Paul Cardenas, individually (collectively herein "the Defendants").

5. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

6. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the matter in controversy exceeds the sum of $75,000.00.

8. This Court also has jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

10. Plaintiff Fabian is an adult individual residing in Rutherford, New Jersey.

11. Approximately, from June 2014 until June 29, 2017, Plaintiff worked as an asbestos remover on behalf of NSC.

12. Plaintiff Fabian was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

**Pablo Berhau**

13. On information and belief, since at least 1999, Defendant Berhau has maintained control, oversight and the direction of NSC.

14. Defendant Berhau is a person engaged in business in Westchester County, who is sued individually in his capacity as an owner, officer and/or agent of NSC.

15. On information and belief, Defendant Berhau is the Chief Executive Officer and majority shareholder, of NSC.

16. Berhau exercised sufficient control over NSC to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendants had the authority to hire and fire employees and established and maintained policies regarding the pay practices at NSC.

**Paul Cardenas**

17. On information and belief, since at least 2014, Defendant Cardenas has maintained control, oversight and the direction of NSC.

18. Defendant Cardenas is a person engaged in business in Westchester County, who is sued individually in his capacity as a manager, officer and/or agent of NSC.

19. On information and belief, Defendant Cardenas is the manager of NSC.

20. Cardenas exercised sufficient control over NSC to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendants had the authority to hire and fire employees and established and maintained policies regarding the pay practices at NSC.

**NSC Abatement Services, Inc.**

21. NSC Abatement Services, Inc. is a domestic business corporation having its principal place of business at 122 E Third Street, Mount Vernon, New York 10550.

22. At all times relevant to this action, Defendant NSC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23. NSC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

24. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

25. Each Defendant has had substantial control over Plaintiff and similarly situated employees working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

26. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly asbestos removers who are current and former employees of NSC since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

27. The FLSA Collective Plaintiffs consist of approximately sixteen (16) similarly situated current and former asbestos removers of NSC who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

28. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

29. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective Plaintiffs were not paid the appropriate premium overtime compensation for all hours worked beyond 40 hours per workweek.

30. All the work that Plaintiff and the FLSA Collective Plaintiffs have performed are assigned by Defendants, and/or Defendants have been aware of all work that Plaintiff and the FLSA Collective Plaintiffs have performed.

31. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

(b) willfully failing to record as required by the FLSA and NYLL of all of the time that its employees, including Plaintiff and the FLSA Collective Plaintiffs, have worked for the benefit of Defendants.

32. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiff for the overtime hours worked.

33. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiff overtime premiums for hours worked in excess of 40 per workweek.

34. Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

35. Defendants' unlawful conduct is widespread, repeated and consistent.

36. There are many similarly situated current and former non-exempt workers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

37. Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

38. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective Plaintiffs, Plaintiff will request payment of service awards upon resolution of this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

### NSC ABATEMENT SERVICES, INC.

39. NSC specializes in asbestos abatement and environmental remediation in New York City, Long Island, Westchester and Hudson Valley. NSC states on its website that its services include residential and commercial services such as asbestos abatement, encapsulation, and enclosure on all type of asbestos materials, lead abatement, encapsulation and enclosure on all types materials found throughout homes and public buildings, insulation on piping and boiler surfaces, interior and exterior demolition, HVAC duct cleaning and sanitizing in private homes and public buildings and regulated waste hauling.

40. Upon information and belief, Defendants have entered into certain contracts, as either a subcontractor or prime contractor, with government or public agencies, to provide services for certain public work projects within the State of New York including, but not limited to, New York City, to engage in asbestos removal.

41. Upon information and belief, the public works contracts required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public work projects, pursuant to the NYLL § 220 *et seq.*, including their direct employees and all other persons furnishing labor on the sites of the public work projects.

42. Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public work projects.

43. As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to Plaintiff should have been annexed to and form a part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

44. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rated in the public works contracts was made for the benefit of all workers furnishing labor on the sites of public works projects are the beneficiaries of that promise and the contracts entered into between Defendants and government agencies.

45. Upon information and belief, in furtherance of the public works contracts entered into by Defendants, Plaintiff worked on various asbestos projects within the State of New York including, but not limited to Yorkers, Liberty, Kingston, Queens, and New York City, on behalf of government or public agency.

46. Throughout the relevant time period, Defendants obtained contracts within the town of Liberty, the city of Kingston, and various public Catholic schools, churches and hospitals in New York City and within the State of New York, whereby they were required to pay their laborers and supervisors prevailing wages. Throughout the time period, Plaintiff typically did not receive the statutorily required prevailing wage plus supplemental benefits, as required by state and federal law, for all hours worked on prevailing wage jobs.

47. Additionally, although Plaintiff and the FLSA Collective provided labor to Defendants on public work contracts, Defendants failed to compensate Plaintiff for hours worked

outside of regular work hours, as specified in the applicable prevailing wage regulations.

**<u>Individual Allegations</u>**

48. Defendants, employed Fabian as an asbestos remover without interruption, approximately from June 2014 until June 29, 2017. Fabian worked on behalf of Defendants within the State of New York, including but not limited to New York City, Queens, Yorkers, Liberty, and Kingstone on Public Work Projects on behalf of government or public agency.

49. Throughout the majority of his employment with Defendants, Fabian consistently worked more than 40 hours a week.

50. Throughout the majority of his employment with Defendants, Plaintiff was not paid the prevailing rate of wages and supplements for all his work performed on the public works project.

51. Throughout his employment with Defendants, even though Fabian was not exempt, Plaintiff was not paid time and one-half for all overtime work performed.

52. Throughout the time period that Fabian worked for Defendants, Fabian typically did not receive the statutorily required prevailing wage plus supplemental benefits, as required by state and federal law, for all hours worked on prevailing wage jobs. Specifically, even though Fabian was providing labor to Defendants on the public work projects, Defendants consistently failed to compensate Fabian for all hours worked outside of regular work hours, as specified in the applicable prevailing wage regulations.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)

53. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

55. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

56. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

57. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

59. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages,

prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**New York Labor Law-Unpaid Overtime**
**(Brought on behalf of Plaintiff)**

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

62. Defendants failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

63. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on behalf of Plaintiff)**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his

primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

68. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiff)**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Brought on behalf of Plaintiff)**

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Upon information and belief, the public works contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff.

75. Those prevailing rates of wages and supplemental benefits were made part of the public work contracts for the benefit of Plaintiff.

76. Defendants breach the public works contracts by failing to pay Plaintiff prevailing rates of wages and supplemental benefits to be paid to Plaintiff.

77. Those prevailing rates of wages and supplemental benefits were made part of the public work contracts for the benefit of Plaintiff.

78. Defendants breached the public work contracts by failing to pay Plaintiff the prevailing rates of wages, overtime, shift-differential and holiday premiums and supplemental benefits for all labor performed on the public work projects.

79. As a result of the public work contracts, Defendants are liable to Plaintiff in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW-UNLAWFUL WAGE DEDUCTIONS**
**(Brought on behalf of Plaintiff)**

80. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth full and again herein.

81. Defendants willfully violated the rights of Plaintiff by making improper deductions from their earned wages, in violation of § 193 of the New York Labor Law and the regulations promulgated thereunder.

82. Defendants' deductions from earned wages caused Plaintiff to suffer the loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants the amount that Defendants took from their wages in the form of deductions, damages for unreasonably delayed payment of wages, liquidated/punitive damages, pre and post judgment interest, reasonable attorneys' fees and costs and disbursements of the action pursuant to New York Labor Law § 663 (1) *et al*.

## SEVENTH CAUSE OF ACTION
## UNJUST ENRICHMENT (Pled in the Alternative)
### (Brought on behalf of Plaintiff)

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. Plaintiff has performed a significant amount of work for which he has not been paid correctly.

85. Upon information and belief, when Defendants entered into the public works contracts, they agreed to pay the required prevailing wages, overtime, shift-differential and holiday premiums, and supplemental benefit rates of pay to Plaintiff.

86. As a result of this failure to pay said wages, Defendants were unjustly enriched for work and services performed by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(f) For prejudgment interest on the foregoing amounts;

(g) For the costs and disbursements of this action, including attorneys' fees; and

(h) For such other further and different relief as this Court deems just and proper.

Dated: August 1, 2017
New York, New York

                              Respectfully submitted,

                              */s Jacob Aronauer*
                              Jacob Aronauer
                              225 Broadway, 3rd Floor
                              New York, NY 100017
                              (212) 323-6980
                              jaronauer@aronauerlaw.com
                              *Attorney for Plaintiff*