UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TEOBALDO FABIAN et al,

                       Plaintiffs,

      v.

NSC ABATEMENT SERVICES, INC., PABLO
BERHAU, and PAUL CARDENAS,

                       Defendants.
------------------------------------------------------------x

17 CV 5815 (VB)

*AND ORDER*

Stipulation of Settlement with
Non-Party New York State
Department of Labor

**WHEREAS**, NSC ABATEMENT SERVICES, INC. ("NSC"), PABLO BERHAU ("Mr. Berhau"), and PAUL CARDENAS (collectively, "Defendants") and TEOBALDO FABIAN et al. ("Plaintiffs") submitted for Court approval a Final Settlement Agreement and Release ("Class Action Agreement") (Docket # 52-1), which Class Action Agreement was preliminarily approved by order entered February 14, 2019 (Docket # 56), and;

**WHEREAS**, the Class Action Agreement provides, among other things, for:

    (a) payment by Defendants of $650,000.00 to resolve and satisfy, among other things, all potential wage-hour and prevailing wage claims of Class Members (Class Action Agreement § 3.1(A)),

    (b) distribution of such amounts to Class Members pursuant to a formula stated in the Settlement Agreement (*id.* § 3.5(A) and (B)) subject to an offset described below,

    (c) release by each Class Member who does not timely opt out, as against the Defendants "and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with

1

any of them, and any individual or entity which could be jointly liable with any of them," of

> "any and all claims for any wage and hour violations under federal, state, and/or local law, including but not limited to, any claims for unpaid wages, prevailing wages, spread of hours, minimum wage, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were, or could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws through the date of preliminary approval of the settlement"

(*id.* § 3.7(A)),

(d) an order enjoining Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released (*id.* § 2.5),

(e) Plaintiffs' Counsel to request that the NEW YORK STATE DEPARTMENT OF LABOR ("DOL") close its investigation into Defendants; and that if DOL assesses "liability or damages" against Defendants in connection with DOL's pending matters, Defendants shall be entitled to offset any such amount against those required under the Class Action Agreement (*id.* § 3.5(G)); and

**WHEREAS,** DOL is a department of the State of New York whose responsibilities include enforcing the New York Labor Law's Articles 6 (requiring, among other things, payment of earned wages and related record-keeping requirements), 8 (requiring, among other things, payment of prevailing wages and related record-keeping requirements), and 19 (requiring, among other things, payment of spread of hours, minimum wage and overtime pay and related record-keeping requirements); and

**WHEREAS,** on March 12, 2019, DOL filed judgment with the Westchester County Clerk, against NSC, Mr. Berhau and John P. Abrams, in the total amount of $136,630.09 (the "Labor Standards Judgment"), which Labor Standards Judgment was based, among other things, on what DOL determined was a total of $43,275.00 in underpayment (exclusive of liquidated

2

damages or interest) of earned wages, spread of hours, minimum wage and overtime pay to two NSC employees, and no portion of the Labor Standards Judgment has been paid; and

**WHEREAS**, DOL has a pending investigation ("Prevailing Wage Investigation") of compliance by NSC with prevailing wage requirements on four public work projects (MHLS Auditorium, Case # PW09 2015006572; Putnam County Golf Course, Case # PW09 2016001416; MHLS – Bathroom Abatement, Case # PW09 2015007120; and Hagan Elementary School, Case # PW09 2015007568); (together, the "Prevailing Wage Projects"); and

**WHEREAS**, DOL's Bureau of Public Work found during the Prevailing Wage Investigation that NSC is monetarily liable for a total of $47,608.03 in underpayment of prevailing wages, annual interest at six percent (6%) and a fifteen percent (15%) civil penalty, and that NSC repeatedly willfully violated the prevailing wage law, and absent settlement, DOL will issue a notice of hearing to determine at an evidentiary hearing whether these findings of DOL's Bureau of Public Work should be sustained; and

**WHEREAS**, at a July 25, 2019 hearing on Plaintiffs' and Defendants' request for final approval of the Class Action Agreement ("Confirmation Hearing," Docket # 75), the Court noted that Class Members were notified of their expected individual entitlements pursuant to the Class Action Agreement, and expressed concern that Class Members could not fully assess the Class Action Agreement without knowing the impact on the $650,000.00 total payment called for and their individual recoveries of the possible offset recognized by the Class Action Agreement; and

**WHEREAS**, the Court during the Confirmation Hearing therefore invited DOL to participate in discussions with Plaintiffs and Defendants with a view towards reaching an agreement that would also resolve the issue and thereby enable the Court to grant the Class Action Agreement final approval; and

3

WHEREAS, DOL's monetary claims under the Labor Standards Judgment and Prevailing Wage Investigation relate to those settled in the Class Action Agreement as follows:

(a) the $650,000.00 to be paid by Defendants pursuant to the Class Action Agreement did not allocate any money for satisfaction of the Labor Standards Judgment, including for payments ultimately due to two Class Members (Eduardo Aguilera and Rosero Rider);

(b) the $650,000.00 to be paid by Defendants pursuant to the Class Action Agreement allocated money sufficient to satisfy payments DOL believes are ultimately due to Class Members in connection with the Prevailing Wage Investigation, except for a total of $2,399.46 ultimately payable to five Class Members (Carlos Moracho, Willy Ramirez, Nestor Rodriguez, Daniel Solis and Jean Solorzano);

(c) the $650,000.00 to be paid by Defendants pursuant to the Class Action Agreement did not allocate any money for satisfaction of civil penalties ultimately due to DOL, including in connection with the Labor Standards Judgment and Prevailing Wage Investigation, but the Class Action Agreement does not call for any offset on account of payments to DOL other than for "liability or damages," and Defendants' counsel clarified at the Confirmation Hearing (p. 23) that penalties payable to DOL were not to count towards an offset; and

WHEREAS, the Defendants, the Plaintiffs and DOL, through their respective counsel, conducted discussions in accordance with the Court's directive and Defendants and DOL have, with the knowledge of Plaintiffs, reached agreement with respect to the monetary claims related to those settled in the Class Action Agreement and just described; and

WHEREAS, in addition to discussing monetary claims related to those settled in the Class Action Agreement, Defendants and DOL also discussed and reached agreement on all other

issues arising from the Prevailing Wage Investigation, and desire to settle and resolve those other issues as well; and

**WHEREAS**, the parties to this action and DOL desire to resolve the various matters between them as set forth below.

**NOW, THEREFORE**, in consideration of the mutual covenants, agreements, representations, and promises contained in this Stipulation of Settlement, and other good and valuable consideration, the adequacy and receipt of which are hereby acknowledged, the parties to this action and DOL, through their respective counsel, stipulate and agree as follows:

1. In addition to the payments required by § 3.1(A) of the Class Action Agreement, Defendants will also pay to DOL a further $80,000.00 (eighty thousand dollars) in full settlement of DOL monetary claims arising from the Labor Standards Judgment and Prevailing Wage Investigation. The $80,000 will be allocated by DOL as follows:

(a) a total of $2,399.46, inclusive of interest found due, for payments pursuant to the Prevailing Wage Investigation to Carlos Moracho ($324.19), Willy Ramirez ($368.23), Nestor Rodriguez ($736.46), Daniel Solis ($646.39) and Jean Solorzano ($324.19), who are Class Members not previously included in the allocation stated in the Class Action Agreement; DOL will make such payments at approximately the same time that the Claims Administrator makes payments to Class Members pursuant to § 3.5 of the Class Action Agreement;

(b) $6,349.12 for civil penalties arising from the Prevailing Wage Investigation;

(c) a total of $71,251.42, inclusive of interest and liquidated damages found due, for payments due under the Labor Standards Judgment to Eduardo Aguilera ($19,461.39) and Rosero Rider ($51,790.93), who are Class Members not previously included in the

5

allocation stated in the Class Action Agreement; DOL waives collection of civil penalties provided for in the Labor Standards Judgment, and of collection of liquidated damages or interest due under the Labor Standards Judgment beyond what is paid pursuant to this present agreement; and Defendants waive any assertion that filing of the Labor Standards Judgment was improper or that they did not receive adequate notice prior to such filing.

2. In further settlement of issues arising from the Prevailing Wage Investigation, Defendants will not contest the DOL's finding that Defendants committed one willful violation of New York Labor Law § 220 and that the Commissioner of Labor will issue a Determination and Order in accordance with this Stipulation of Settlement. DOL waives any claim that Defendants committed more than one willful violation arising out of the Prevailing Wage Projects listed in the "WHEREAS" portion of this document.

3. The payment referred to in paragraph 1 above will be made within three months of final approval by the Court of the Class Action Agreement, simultaneously with or earlier than the second payment referred to in § 3.1(B) of the Class Action Agreement. Defendants and DOL recognize that the City of Yonkers and the New York State Comptroller, each a "civil division interested" within the meaning of Labor Law § 220-b ("Civil Divisions"), have acknowledged withholding from contractual payments otherwise due to NSC, pursuant to DOL notices of withholding issued pursuant to Labor Law § 220-b, sums totaling $80,612.99. Defendants and DOL agree that the payment referred to in paragraph 1 above may be satisfied in whole or in part through transmission by the Civil Divisions to DOL, upon direction from NSC, of funds previously withheld from NSC as just stated, and Defendants and DOL agree to cooperate in providing to the Civil Divisions all paperwork which the Civil Divisions deem necessary to authorize such transmission. In the event that insufficient payment is made through such

transmission, Defendants remain responsible for any balance due. The DOL also agrees to provide any necessary confirmations to any other municipal organization that may be withholding contractual payments otherwise due to NSC based on the audits identified herein.

4. Upon completion by Defendants of their obligations stated above and distribution of payments to Class Members pursuant to § 3.5 of the Class Action Agreement, DOL will regard the Labor Standards Judgment and Prevailing Wage Investigation as wholly satisfied and will provide to Defendants any confirming paperwork which Defendants reasonably request. Should Defendants not complete their obligations stated above, or should distribution to Class Members pursuant to § 3.5 of the Class Action Agreement not occur, DOL will retain all its rights under the Labor Standards Judgment and related to the Prevailing Wage Investigation, and its claims in those connections shall not be limited pursuant to this Stipulation of Settlement except that any payment already received pursuant to this Stipulation of Settlement shall be credited towards Defendants' existing liabilities.

5. The parties to this Stipulation of Settlement will jointly request that the Court approve and "so order" it as an addendum to the Class Action Agreement. DOL, although not a party to the action, consents and submits to the Court's jurisdiction for that limited purpose.

6. As regards this Stipulation of Settlement as well as any prior proceedings in any court or in connection with any investigation, each party shall bear that party's own counsel fees and expenses, if any.

7. Each party represents, warrants and acknowledges that that party (a) has the right, power and authority to enter into this Stipulation of Settlement, (b) was represented by counsel and had a full opportunity to consult with counsel concerning this Stipulation of Settlement, and (c) enters this Stipulation of Settlement voluntarily, knowingly and with full comprehension of

its contents.

8. This Stipulation of Settlement constitutes the entire agreement between the parties with respect to the subject matter herein. No representation, inducement, promise, understanding, condition, or warranty not set forth in this Stipulation of Settlement has been made to, or relied upon by the parties in agreeing to this Stipulation of Settlement.

9. The parties each participated in drafting this Stipulation of Settlement, and there shall be no presumption against any party on the ground that such party was responsible for preparing this Stipulation of Settlement or any part thereof.

10. This Stipulation of Settlement shall not be modified or terminated, nor shall any term or condition hereof be waived except pursuant to an express writing stating such modification, termination and/or waiver and signed by the party sought to be charged with such modification, termination and/or waiver. Failure by any party to insist in any one or more instances on strict compliance with the terms, conditions, covenants, representations, promises and warranties contained herein shall not be deemed a waiver and such party, notwithstanding such failure, shall have the right, thereafter, to insist upon the specific and full performance of any and all provisions of this Stipulation of Settlement.

11. This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties' respective heirs, estate administrators, executors, personal representatives, successors and assigns.

12. This Stipulation of Settlement shall be interpreted according to the laws of the State of New York and shall be enforceable in the courts of the State of New York.

13. This Stipulation of Settlement may be signed in counterparts which collectively shall constitute a single agreement. Faxed or emailed signatures shall be deemed equivalent to

8

original signatures.

IN WITNESS WHEREOF, each of the parties hereto, by their respective undersigned counsel, have executed this Stipulation of Settlement as of the date and year set forth below:

Accepted, Acknowledged, and Agreed –

Dated: October 16, 2019

_____
Seth Kupferberg, Assistant Attorney General
Office of the Attorney General, Labor Bureau
28 Liberty Street
New York, New York 10005
Tel.: 212-416-8856
seth.kupferberg@ag.ny.gov
*Attorney for New York State Department of Labor*

_____
Michael A. Jakowsky, Esq.
Jackson Lewis P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
Tel.: 212-545-4086
michael.jakowsky@jacksonlewis.com
*Attorney for Defendants*

SO ORDERED:

_____
Hon. Vincent L. Briccetti, U.S.D.J.

Date: 11/6/2019